**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

Misti S. Wagner,                                             Case No. 3:17CV310

         Plaintiff

         v.                                                     **ORDER**

Commissioner of Social Security,

         Defendant

This is a Social Security case in which the plaintiff, Misti Wagner, appeals from the Commissioner's decision denying her application for benefits.

An administrative law judge concluded that Wagner suffers from multiple severe impairments, including, *inter alia*, coronary artery disease, chronic obstructive pulmonary disease, carotid artery disease, and peripheral vascular disease. (Doc. 11 at 28). But the ALJ determined, insofar as is relevant here, that Wagner did not meet or medically equal the criteria for Listing 4.02 – Chronic Heart Failure, and thus was not disabled. (*Id.* at 34).

Pending is Magistrate Judge Parker's Report and Recommendation, which recommends that I affirm the Commissioner's decision. (Doc. 14).

According to the Magistrate Judge, the ALJ properly concluded that Wagner did not meet or medically equal Listing 4.02. A claimant may qualify as disabled under that Listing, the Magistrate Judge explained, if she establishes, under paragraph (A) of the Listing, systolic failure by means of "ejection fraction of 30 percent or less during a period of stability." 20 C.F.R. Pt. 404,

Subpt. P, App. 1.[1] The ALJ recognized that, during a stress test in September, 2015, Wagner displayed an ejection fraction of 27%. (Doc. 11 at 34). But the Magistrate Judge ruled that the ALJ reasonably explained why that evidence was insufficient under the Listing:

> the ALJ noted that Wagner's ejection fraction had been consistently estimated at above 30% with the exception of a single stress test. The ALJ further noted that a [transthoracic echocardiography] performed on the same day as the stress test returned an estimated ejection fraction of 40%. These findings mirrored the record evidence and, therefore, provide substantial evidence supporting the ALJ's decision. Wagner has not argued otherwise. Nor has she cited any authority supporting her argument that a single ejection fraction reading below 30% requires an ALJ to reject several other ejection fraction readings or estimates that were above 30%. Here, as noted above, one of the ejection fraction estimates of 40% was made on the same day as the stress test showing ejection fraction of 27%. Thus, Wagner cannot argue that all of the ejection fractions above 30% were outdated or stale. Rather, it appears that the ALJ, in his effort to consider all the medical evidence – something he was obligated to do – concluded that the 27% reading did not represent Wagner's true condition.

(Doc. 14 at 15) (internal citation omitted).

The Magistrate Judge went on to find that, even assuming that Wagner had satisfied paragraph (A), she had not satisfied the remaining criteria under paragraph (B) of the Listing. (*Id.* at 15–16); *see also Roach v. Comm'r of Soc. Sec.*, 2018 WL 897114, *6 (S.D. Ohio) (Preston Deavers, J.) (paragraph (B) requires claimant to establish either persistent symptoms of heart failure, three or more episodes of acute congestive heart failure within a consecutive, twelve-month period, or an inability to perform on an exercise tolerance test).

Wagner has filed an objection (Doc. 15) and, on de novo review of the R&R, *see* 28 U.S.C. § 636(b), I overrule the objection, adopt the R&R as the order of the court, and affirm the Commissioner's decision.

---

[1] Ejection fraction measures the amount of blood that leaves the heart each time it contracts. (Doc. 14 at 3 n.2).

First, Wagner objects only to the Magistrate Judge's decision that her ejection fraction reading did not satisfy paragraph (A) of the Listing. (Doc. 15 at 1–2). But to prove that she is disabled under Listing 4.02, Wagner must also satisfy one of the three criteria under paragraph (B). (Doc. 14 at 15–16); *Roach*, *supra*, 2018 WL 897114 at *6. Because Wagner's objection does not make such an argument, I need not even consider her objection that she satisfied paragraph (A).

Second, and in any event, I agree with Magistrate Judge Parker that the ALJ reasonably concluded that the single ejection fraction reading of 27% was, in this case, insufficient to satisfy paragraph (A).

As both the ALJ and the Magistrate Judge explained, with the exception of the September, 2015, reading, Wagner's ejection fraction readings consistently reached 30% or higher. Furthermore, there was reason to question the September, 2015 reading: "this estimate was not consistent with prior or contemporaneous testing, including a transthoracic echocardiography" – taken the same day – "which showed an ejection fraction of 40%." (Doc. 11 at 34).

Finally, to the extent Wagner challenges the ALJ's failure to order a consultative examination or call a medical expert at the hearing, the argument lacks merit. Wagner never asked that the ALJ consult a medical examiner (Doc. 14 at 17), and she did not argue before the Magistrate Judge that the ALJ erred by not ordering a consultative examination (Doc. 12 at 1–10). And as Magistrate Judge Parker explained, even if Wagner had requested the ALJ to consult an expert, it would have been a reasonable exercise of the ALJ's discretion not to do so. (Doc. 14 at 18–19).

**Conclusion**

It is, therefore,

ORDERED THAT:

1. Wagner's objection to the Report and Recommendation be, and the same hereby is, overruled;

2. The Report and Recommendation (Doc. 15) be, and the same hereby is, adopted as the order of the court; and

3. The Commissioner's decision be, and the same hereby is, affirmed.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge